THE STATE vs. BRADY and another, imp.

*December 19, 1884 — January 13, 1885.*

*Appeal to S. C.: Judgment against sureties in criminal case.*

The sureties in a recognizance given on an appeal from the sentence of a justice of the peace, may *appeal* from a judgment rendered against the defendant and such sureties under sec. 4717, R. S.

APPEAL from the Circuit Court for *Richland* County.

The defendant Terrence Brady was prosecuted and tried before a justice of the peace for a misdemeanor, and convicted thereof. He appealed to the circuit court, and *James Brady* and *Milan Van Horn* became his sureties on such appeal. He was tried in the circuit court and again convicted, and thereupon judgment was entered, imposing upon him a fine of $50 and costs, amounting in all to $234.75. Judgment for $100 of that amount (that being the sum specified in the recognizance) was entered at the same time against such sureties, pursuant to sec. 4717, R. S. The sureties appealed to this court from such judgment against them, and the attorney general now moves to dismiss the appeal for the alleged reason that it does not lie in such a case.

*H. W. Chynoweth,* Assistant Attorney General, for the respondent.

[No appearance for the appellants.]

LYON, J. Had an action been brought against the appellants on their recognizance, and judgment recovered against them therein, there can be no doubt that they could bring the case here for review, by appeal. Although the action would arise out of a criminal prosecution and conviction, it would be an action on the contract or obligation contained in the recognizance. Of course, the judgment in such an action is appealable.

We think the essential nature and incidents of a judg-

ment summarily rendered against the sureties under sec. 4717, R. S., without bringing a new action, is the same. True, in form there is but one judgment against the defendant who was convicted of the misdemeanor and his sureties — the appellants. But in substance and legal effect there are two judgments: one against the accused, imposing a penalty for a crime, upon which he may be imprisoned; the other against his sureties, sounding in contract, and upon which no execution can go against the bodies of the debtors.

No doubt the convicted party would be compelled to resort to his writ of error or *certiorari*, in order to obtain a review by this court of the judgment against him; but we are clearly of the opinion that the sureties may obtain such review of the judgment against them by appeal. On this motion we decide no other point in the case.

*By the Court.*— The motion to dismiss the appeal is denied.

The appeal was dismissed by stipulation March 31, 1885.