THE PEOPLE OF THE STATE OF ILLINOIS, Appellees, *vs.* JOHN RUBRIGHT *et al.* Appellants.

*Opinion filed October 26, 1909.*

1. SCIRE FACIAS—*bail*—*purpose of scire facias on forfeited recognizance.* The purpose of a *scire facias* upon a forfeited recognizance is to give the parties an opportunity to show cause why judgment should not become absolute; but it is wholly immaterial whether the cognizor is guilty or innocent of the criminal charge against him, and that question cannot be inquired into.

2. SAME—*fact that act upon which criminal charge is based is unconstitutional is no defense.* A person under recognizance to appear and answer a charge against him cannot disregard his obligation to appear, and afterwards, in a *scire facias* proceeding upon the forfeited recognizance, attempt to justify his default upon the ground that the law upon which the criminal charge was based is unconstitutional.

3. APPEALS AND ERRORS—*when appeal in scire facias proceeding should go to Appellate Court.* A *scire facias* proceeding upon a forfeited recognizance is a civil suit to enforce a contract liability, and an appeal therein lies to the Appellate Court in the first instance, in the absence of any special ground for a direct appeal to the Supreme Court.

4. SAME—*when alleged unconstitutionality of statute does not give Supreme Court jurisdiction.* Since the unconstitutionality of the statute upon which a criminal charge is based cannot be urged in defense of a *scire facias* proceeding upon the forfeited recognizance of the person charged with such crime, the fact that the constitutionality of the act is attacked in such proceeding does not give the Supreme Court jurisdiction of a direct appeal from the judgment therein.

APPEAL from the County Court of Whiteside county; the Hon. HENRY C. WARD, Judge, presiding.

C. L. & C. E. SHELDON, for appellants.

W. H. STEAD, Attorney General, JOEL C. FITCH, and HARRY H. WAITE, for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a proceeding by *scire facias* upon a forfeited recognizance. On September 14, 1908, the State's attorney of Whiteside county filed an information in the county court charging John Rubright, William Holmes and John Kirby with dynamiting fish in Elkhorn creek, in the said county, in violation of the act of June 5, 1907. The county judge ordered the information filed and fixed the bail of each of the defendants at $200. A warrant was issued, upon which appellant Rubright was arrested, and he entered into a recognizance before the sheriff, with Thomas McCue as surety. The condition of the recognizance required Rubright to appear at the September term, 1908, and from term to term and from day to day of each term, and to abide the final order of the court and not depart the court without leave. On October 26, being one of the days

of the September term and the day upon which the cause was set for trial, Rubright failed to appear and a judgment forfeiting his recognizance was duly entered against him and his surety. A *scire facias* was ordered returnable on the 14th day of December, to which time the cause, as to Rubright, was continued. On November 16 Rubright appeared and entered a motion, supported by affidavits of himself and McCue, to set aside the default. On December 15 Rubright was tried on the information by a jury and acquitted. A motion to set aside and vacate the default was then overruled. Rubright and McCue were then given time to plead to the *scire facias* and filed six special pleas. The first was a plea of *nul tiel* record; second, that the county court did not have jurisdiction; third, *non est factum;* fourth, that the sheriff did not have authority to take the bond; fifth, *nil debet;* sixth, that the act of June 5, 1907, under which the information was filed, was unconstitutional. The court sustained a demurrer to the third, fourth and sixth pleas and a replication was filed to the first, third and fifth pleas. The issues thus formed were submitted to the jury and a verdict returned for $200, upon which the court rendered judgment after overruling a motion for a new trial. The present appeal is prosecuted by the defendants below to reverse this judgment.

At the threshold of this case we are met with the question as to the jurisdiction of this court to consider this appeal. A *scire facias* on a forfeited recognizance is a civil suit for the recovery of money due upon a contract. (*Conner* v. *People*, 20 Ill. 382; *Wood* v. *People*, 16 id. 171; *Lawrence* v. *People*, 17 id. 172; *Peacock* v. *People*, 83 id. 331.) Being a civil suit to enforce a contract liability, it is clear that the appeal should have gone to the Appellate Court since the amount involved is only $200, unless this court has jurisdiction because the constitutionality of a statute is involved. The question of jurisdiction is not argued in the briefs, but we infer that the jurisdiction of

this court is assumed by appellants and conceded by appellees for this reason.

Our statute provides that when any person who is accused of any criminal offense shall give bail for his appearance and does not appear in accordance with the terms of the recognizance the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a *scire facias* against such person and his sureties, returnable on the first day of the next term of court, "to show cause why judgment should not be rendered against such person and his sureties for the amount of the recognizance." The statute also provides that "before judgment the court may, in its discretion, set aside such forfeiture, upon the accused being brought or coming into open court and showing to the court, by affidavit, that he was unable to appear in court according to the terms of the recognizance, by reason of sickness or some other cause which shall satisfy the court that the accused had not been guilty of any *laches* or negligence." (Hurd's Stat. 1908, chap. 38, par. 310.) Paragraph 311 of the above statute provides that the action shall not be barred nor defeated nor shall judgment be arrested by reason of neglect or omission to note or record the default of any principal or surety at the time when it happens, nor by reason of a defect in the form of the recognizance, if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to record and take such recognizance.

The purpose of a *scire facias* upon a forfeited recognizance is to give the parties an opportunity to show cause why judgment should not become absolute. (*People* v. *Watkins,* 19 Ill. 117.) The issues which may be tried in this proceeding are not the same as are involved in the criminal proceeding out of which it originated. It is wholly immaterial in a proceeding by a *scire facias* whether the defendant is guilty or innocent of the criminal charge against

him, and that question cannot be inquired into. The very purpose of the recognizance is to secure the attendance of the person charged, in order that all questions touching his guilt or innocence may be determined. A person under recognizance to appear and answer a charge against him cannot disregard his obligations to appear and afterwards excuse himself on the ground that his appearance was unnecessary because he was not guilty of the charge. Neither can the cognizor make default and afterwards seek to justify the same on the ground that the law under which he was charged is unconstitutional. Such defense is not available to him in a proceeding by *scire facias* upon his forfeited recognizance. We are therefore of the opinion that the constitutionality of the statute under which this information was filed cannot be raised or decided in this case. It follows that this appeal is improperly brought to this court. The cause will therefore be transferred to the Appellate Court for the Second District.

*Cause transferred.*