**Jackie Ray HARGROVE and United Benefit Fire Insurance Company of Omaha, Nebraska, Plaintiffs in Error,**

v.

**STATE of Oklahoma ex rel. Clinton D. DENNIS, County Attorney, Defendant in Error.**

No. A-13501.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1964.

Gordon L. Patten, Tulsa, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Clinton D. Dennis, County Atty., Stephens County, Duncan, for defendants in error.

JOHNSON, Presiding Judge.

This is an attempted appeal by Jackie Ray Hargrove and the United Benefit Fire Insurance Company of Omaha, Nebraska, as plaintiffs in error, from an order of the district court of Stephens County, Oklahoma, overruling plaintiffs' motion to set aside order of said court forfeiting an appearance bond. The case was filed in this Court on March 20, 1964, and we have not had the benefit of briefs.

On October 23, 1962 an information was filed in the district court of Stephens County, charging the plaintiff in error Jackie Ray Hargrove with the crime of burglary in the second degree. On the same day an appearance bond in the sum of $3000 was executed by the said Jackie Ray Hargrove and the United Benefit Insurance Company of Omaha, Nebraska, and the bond was approved by the court clerk on that date.

The record before us shows that on February 15, 1963 the case was called for arraignment, the defendant failed to appear, and the bond was forfeited. On June 28, 1963, practically four and a half months later, the defendant appeared with his surety and filed a motion to set aside the bond forfeiture. The record contains a minute showing that the motion to set aside the bond forfeiture was passed by agreement on July 12, August 9, and September 16, 1963, and the motion was denied on September 20, 1963, after a hearing and testimony heard.

While the Court of Criminal Appeals has exclusive jurisdiction in all criminal cases appealed (20 O.S.A. § 40), this case is not a criminal case. The judgment which the plaintiffs in error seek to appeal from was not an adjudication of guilt, but was an adjudication that the principal had breached the conditions of his bond, i. e., incurred a civil liability, and that he and his surety

were liable to the State of Oklahoma in the sum written in the bond. Judgment in the criminal case had not been entered. The order appealed from merely fixed a civil liability against the accused as principal, and his surety. This appeal is not in any proper sense a criminal case of which the Court of Criminal Appeals has jurisdiction, but is a civil proceeding, properly appealable to the Supreme Court. Dunn v. State, 65 Okl. 233, 166 P. 193.

The attempted appeal is dismissed.

BUSSEY and NIX, JJ., concur.