STATE, Plaintiff-Respondent, v. GIVENS, Defendant-Appellant.

Supreme Court

*No. 76–723–CR. Argued January 31, 1979.—*
*Decided March 27, 1979.*
(Also reported in 276 N.W.2d 790.)

For the appellant there was a brief by *Thomas G. Hetzel* and *Hetzel & Decker* of Kenosha, and oral argument by *Thomas G. Hetzel.*

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J. The issue on this appeal is whether the trial court has authority to set aside a bail forfeiture order made by the preliminary examination court. We hold that it does.

On August 23, 1976, the defendant was charged in a criminal complaint with prostitution contrary to sec. 944.30(1) and (2), Stats. She was released on a $500 appearance bond. Two days later she was again charged with two counts of prostitution. She filed a second $500 appearance bond. The bonds were conditioned on the defendant's appearing in court August 26, 1976, and on her notifying the clerk of court of any address change.

Apparently the parties appeared for the preliminary examinations August 26 but were told that a scheduling conflict required that the preliminaries be postponed. Notice of the new date was to be mailed to the parties. The clerk's office reportedly sent notices that the examinations were moved to September 7. Neither the defendant nor her lawyer appeared. The same day Judge Scott, presiding in Branch III of the Kenosha County Court, ordered the defendant's bail forfeited.

On September 28, 1976, the preliminary examinations were held before Judge Scott. Judge Scott found prob-

able cause to believe that the defendant had committed felonies and bound her over for further proceedings before Judge Fisher, presiding in Branch II of the Kenosha County Court. Two informations were filed October 5, 1976.

On October 7, 1976, the defendant moved Judge Scott to set aside his order forfeiting the defendant's bail. Attached to the motion were the affidavits of defense counsel and those of the defendant and her brother. Counsel's affidavit explained that in late August he was in the process of moving his law offices. His secretary was in the hospital. As a result he had problems getting the mail and never received the notice of the adjourned preliminary. The defendant's affidavit disclosed that she moved in late August and went to pick up any mail at her former address on August 30, but the apartment manager was not there. September 9, the police told the defendant's brother about a bench warrant for her arrest, issued after she failed to appear at the rescheduled preliminary. He notified defense counsel. September 10, the defendant appeared in court with counsel where a signature bond was set. The bond is not of record here.

On October 8, 1976, Judge Scott orally denied the defendant's motion to set aside the bail forfeiture order on the ground that he lacked jurisdiction because he had bound the defendant over to the court in which Judge Fisher presided before the defendant's motions were filed. Judge Scott concluded he lacked jurisdiction to decide the motions.

On October 14, 1976, the defendant filed motions seeking return of the forfeited bail. These motions bear captions indicating they were directed to Judge Scott; they were decided, however, by Judge Fisher.

On January 26, 1977, Judge Fisher entered a written decision denying the motion to set aside the forfeiture order on the ground that his court lacked jurisdiction to review Judge Scott's order. Judge Fisher reasoned that

the defendant's remedy lay in an appeal of the order pursuant to Chapter 974, Stats.

On February 10, 1977, the defendant moved Judge Fisher's court to remand the cases to Judge Scott for the release of the bond money. No disposition of the motions is of record here. Apparently the motions were denied.

The defendant appeals from Judge Fisher's order denying the motion to set aside the bond forfeiture order. The question on appeal is whether the trial court, having jurisdiction over the defendant, has authority to set aside a bail forfeiture order made by the preliminary examination court.

In denying the defendant's motion, Judge Fisher stated:

"As to the first issue concerning the bonds, this Court believes that it is not within the province or jurisdiction of this Court to review the decision of Judge Scott as to the forfeiture of bond. If the defendant wishes further hearing concerning this question, it will be necessary to proceed under Chapter 974 of the Wisconsin Statutes which provides the procedure for appeal."

Judge Fisher's order is appealable under sec. 817.33(3) (f), Stats., 1975, because it decides a question of jurisdiction. See, e.g., Dobs v. State, 47 Wis.2d 20, 23, 176 N.W.2d 289 (1970).

The defendant originally appealed from Judge Scott's decision declining to entertain her motion as well as from Judge Fisher's order. Defendant argued in her brief that the motion was properly directed to the court entering the initial forfeiture order. Judge Scott's order was never reduced to writing and entered, however, so this court ordered that appeal dismissed on February 17, 1978. See: Dumer v. State, 64 Wis.2d 590, 610–11, 219 N.W.2d 592 (1974). The state, believing that the order

appealed from was not clearly contrary to existing law, has not confessed error; however, the state maintains that the better result is that the court having jurisdiction over the defendant at any given stage of the criminal proceedings has authority to set aside the order. We conclude that the provisions of sec. 969.13, Stats.,[1] are broad enough to vest authority to set aside a forfeiture order in both the court ordering forfeiture or the one having jurisdiction over the defendant at a given stage

---

[1] "**969.13 Forfeiture.** (1) If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited.

"(2) This order may be set aside upon such conditions as the court imposes if it appears that justice does not require the enforcement of the forfeiture.

"(3) By entering into a bond, the defendant and sureties submit to the jurisdiction of the court for the purposes of liability on the bond and irrevocably appoint the clerk as their agent upon whom any papers affecting their bond liability may be served. Their liability may be enforced without the necessity of an independent action.

"(4) Notice of the order of forfeiture under sub. (1) shall be mailed forthwith by the clerk to the defendant and his sureties at their last addresses. If the defendant does not appear and surrender to the court within 30 days from the date of the forfeiture and within such period he or his sureties do not satisfy the court that appearance and surrender by the defendant at the time scheduled for his appearance was impossible and without his fault, the court shall upon motion of the district attorney enter judgment for the state against the defendant and any surety for the amount of the bail and costs of the court proceeding. Proceeds of the judgment shall be paid to the county treasurer. The motion and such notice of motion as the court prescribes may be served on the clerk who shall forthwith mail copies to the defendant and his sureties at their last addresses.

"(5) A cash deposit made with the clerk pursuant to this chapter shall be applied to the payment of costs. If any amount of such deposit remains after the payment of costs, it shall be applied to payment of the judgment of forfeiture."

of the proceedings. The relevant statutory provisions are secs. 969.13 (1) and (2), Stats. :

"(1) If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited.

"(2) This order may be set aside upon such conditions as the court imposes if it appears that justice does not require the enforcement of the forfeiture."

Sec. 969.13, Stats., contemplates a forfeiture proceeding dovetailing with the underlying criminal case. The initial order is thus entered by the court having jurisdiction over the defendant at the time a condition of the bond is violated. The defendant must surrender to the court in which forfeiture occurred. At this point the defendant is required to make a showing that his absence at the scheduled appearance was not his fault. If he does not make such a showing, the court shall, on the motion of the district attorney, enter a judgment against the defendant. The defendant may move to set aside the forfeiture order before or at the time of the enforcement proceedings. Typically, this proceeding would take place in the court where the forfeiture occurred immediately upon the defendant's surrender. Here, jurisdiction over the defendant transferred from the preliminary examination court, where forfeiture was ordered, to the trial court before enforcement proceedings. The motion was made after the defendant surrendered to the court in which forfeiture occurred and after that court, without forfeiture proceedings, bound the defendant over for trial in a different court. The better practice, consistent with the clear legislative intent underlying sec. 969.13, would have been to hold the enforcement proceedings and entertain any motion to set aside the forfeiture order immediately upon the defendant's surrender to the court. This would have avoided the dispute which is the subject of this appeal.

There is, therefore, no question that the court ordering forfeiture has authority under sec. 969.13(2), Stats., to set aside the order. We find nothing in the terms of the statute foreclosing a different court having jurisdiction over the defendant from setting aside such an order. Reading secs. 969.13(1) and (2) together, authority to set the order aside is vested in "the court having jurisdiction over the defendant in the criminal action." Because the court in which Judge Fisher presided had jurisdiction over the defendant, Judge Fisher had authority to set aside the bail forfeiture order.

This result, which flows directly from the language of the statute, is supported in the policy underlying sec. 969.13, Stats. Bail forfeiture proceedings are intended to be part of the larger criminal case. The Judicial Council Comment to sec. 969.13, Stats., created by Chapter 255, Laws of 1969, makes it clear that this was the very purpose of the statutory revision:

"This section represents a complete revamping of the current procedure. Before 1969 it was necessary to start a separate action to collect a forfeiture.
"Sub. (3) requires the defendant and surety to appoint the clerk as their agent for the service of process in a forfeiture proceeding. *Also, it provides that it is unnecessary to commence a separate action and the case may be heard before the judge who was to hear the principal criminal case.*" (Emphasis added.)

The purposes of the 1969 statutory revisions—increased flexibility and efficiency—would be ill-served by requiring the defendant to return to the court issuing the forfeiture order and move that court to set it aside. As the state points out, the court ordering forfeiture knows only that the defendant has violated the conditions of the bond. The court having jurisdiction over the defendant at any given time will usually be in the better position to determine whether "justice does not require the enforcement of the forfeiture." Sec. 969.13(2), Stats. We

discern no comity problem because the initial bail forfeiture order is simply in the nature of an order to show cause why bail should not be forfeited.

In conclusion, better practice calls for moving to set aside the forfeiture order immediately upon surrender to the court ordering the forfeiture. The terms of the statute and its underlying policy compel the conclusion that, in the unusual case where jurisdiction over the defendant transferred before the motion to set aside the order is made, the court having jurisdiction over the defendant also has authority to set aside the order.

*By the Court.*—Order reversed and cause remanded.