STATE of Wisconsin, Plaintiff-Respondent,

v.

James P. WICKSTROM, Defendant-Appellant-Petitioner.

Supreme Court

*No. 85–1694-CR. Argued October 29, 1986.—Decided November 25, 1986.*

(Also reported in 396 N.W.2d 188.)

For the defendant-appellant-petitioner there were briefs by *James M. Jannetta* and *Getzin & Jannetta*, Lac du Flambeau, and oral argument by *James M. Jannetta*.

For the plaintiff-respondent the cause was argued by *Douglas Haag*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

STEINMETZ, J.   The issue in this case is whether a bail forfeiture judgment entered pursuant to sec.

969.13(4), Stats.,[1] is subject to the appeal provisions of sec. 808.04 [2] or sec. (Rule) 809.30(1)(f).[3]

---

[1] Sec. 969.13(4), Stats., provides as follows:

"(4) Notice of the order of forfeiture under sub. (1) shall be mailed forthwith by the clerk to the defendant and his sureties at their last addresses. If the defendant does not appear and surrender to the court within 30 days from the date of the forfeiture and within such period he or his sureties do not satisfy the court that appearance and surrender by the defendant at the time scheduled for his appearance was impossible and without his fault, the court shall upon motion of the district attorney enter judgment for the state against the defendant and any surety for the amount of the bail and costs of the court proceeding. Proceeds of the judgment shall be paid to the county treasurer. The motion and such notice of motion as the court prescribes may be served on the clerk who shall forthwith mail copies to the defendant and his sureties at their last addresses."

[2] Sec. 808.04, Stats., provides as follows:

"808.04 *Time for appeal to the court of appeals.* (1) INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

"(2) An appeal under s. 9.10(4)(c), 227.26 or 799.445(1) shall be initiated within 15 days after entry of judgment or order appealed from.

"(3) Except as provided in sub. (4) or s. 48.911, an appeal in a criminal case or under ch. 48, 51 or 55 shall be initiated within the time period specified in s. 809.30.

"(4) An appeal by the state in a criminal case under s. 974.05 or a case under ch. 48, except adoption appeals under s. 48.911, shall be initiated within 45 days of entry of judgment or order appealed from.

"(5) A person imprisoned on a criminal sentence against whom a civil final judgment or order is rendered has 120 days in which to appeal the civil judgment or order.

"(6) When a party to an action or special proceeding dies during the period allowed for appeal, the time to appeal is the time permitted by law or 120 days after the party's death, whichever is later. If no personal representative qualifies within 60 days after the

159

The court of appeals held that such appeals were subject to the provisions of sec. 808.04, Stats., and dismissed the defendant's appeal as untimely.

On March 19, 1985, the Honorable Earl Schmidt of the Shawano county circuit court signed an order and judgment forfeiting $7,118.58 of James P. Wickstrom's $10,000 bail bond. The order was entered on March 26, 1985. The proceedings on the bail forfeiture were conducted as a part of the underlying criminal case, and the order was entered and filed as a part of that case.

The transcript was served on defendant's counsel on July 12, 1985. A notice of appeal was filed on September 9, 1985, within 60 days of the service of the transcript.

The court of appeals entered an order sua sponte raising the issue of the court's jurisdiction over the appeal. Subsequently, the court of appeals issued an opinion and order dated November 4, 1985, dismissing the appeal. While finding that an order forfeiting bail is a final order appealable as of right, the court held that: "The proceeding is a special action and not a part of the underlying criminal prosecution" and that therefore the time period for civil appeals set forth in sec. 808.04(1), Stats., and not the time period for appeals under sec. (Rule) 809.30 applies.

---

party's death, any appellant may have a personal representative appointed under s. 856.07(2)."

[3] Sec. 809.30(1)(f), Stats., provides as follows:

"Sec. 809.30 *Rule (Appeals in felony cases).* (1) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT . . . .

"(f) The defendant shall file a notice of appeal or motion seeking postconviction relief within 60 days of the service of the transcript."

The issue is squarely framed on the record in this case. The notice of appeal was not filed within 120 days of entry of the bail forfeiture order from which the appeal was taken, and so was not timely if the civil appeal provisions, and specifically, sec. 808.04(5), Stats., apply. In addition, the notice of appeal was filed within 60 days of service of the transcript, so the appeal was timely under sec. (Rule) 809.30(1)(f) if the criminal appeal provisions apply.[4] If sec. 808.04 applies, then subsec. (5) controls since the defendant was incarcerated between March 23, 1984, and April 30, 1985, with the order and judgment forfeiting the bail being entered on March 26, 1985.

The underlying criminal case involves a misdemeanor, so the defendant's analysis begins with sec. (Rule) 809.40(1), Stats., which provides:

> "An appeal to the court of appeals from a judgment or order in a misdemeanor case or a ch. 48, 51 or 55 case, or a motion for postconviction relief in a misdemeanor case must be initiated within the time periods specified in s. 809.30 and are governed by the procedures specified in ss. 809.30 to 809.32."

The issue then is whether the judgment and order forfeiting a portion of the bail entered in this case is a "judgment or order in a misdemeanor case."

In *State v. Brady*, 62 Wis. 129, 22 N.W. 154 (1885), the court recognized the inherently civil nature of bail forfeiture when the court held that sureties had standing to appeal from that portion of defendant Brady's judgment of conviction which obligated the sureties to apply the sum specified in the recognizance toward pay-

---

[4] The appeal process in this case was initiated prior to July 1, 1985, the effective date of amendments to sec. (Rule) 809.30, Stats.

ment of fine and costs in a misdemeanor criminal case. In holding that the sureties had standing to appeal the judgment, the court stated that "in form" there appeared to be only one judgment when a defendant is convicted and bail is forfeited. However, the court went on to state:

> "But in substance and legal effect there are two judgments: one against the accused, imposing a penalty for a crime, upon which he may be imprisoned; the other against his sureties, sounding in contract, and upon which no execution can go against the bodies of the debtors." *Id.* at 130.

This is consistent with sec. 939.12, Stats., which states: "A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime."

Wisconsin's bail forfeiture statute, sec. 969.13, Stats., is patterned in part upon Fed. R. Crim. P. 46. For this reason, federal precedents are persuasive. *State v. Ascencio*, 92 Wis. 2d 822, 830-31, 285 N.W. 2d 910 (Ct. App. 1979).

Federal courts that have held that appeals of bail forfeiture judgments are to be governed by time limits for civil cases are: *United States v. Brouillet*, 736 F.2d 1414 (10th Cir. 1984) *United States v. Roher*, 706 F.2d 725 (5th Cir. 1983); *United States v. Jackson*, 691 F.2d 478 (11th Cir. 1982); *United States v. Plechner*, 577 F.2d 596 (9th Cir. 1978).

Several state courts have also ruled on the nature of an appeal from bail forfeiture judgments and have supported treating such actions as civil cases. *State v. Esdale*, 35 Ala. App. 27, 45 So. 2d 861, 864 (1949), (a proceeding from a judgment absolute on forfeited appearance bond was a "civil action" separate from the

original case in which the bond was taken and appeal would lie from such judgment as in any other cause of a civil nature); *People v. Wilcox*, 53 Cal. 2d 651, 349 P. 2d 522, 524 (1960), ("The forfeiture of bail is an independent, collateral matter, civil in nature ... "); *People v. Rubright*, 241 Ill. 600, 89 N.E. 713 (1909), ("A scire facias on a forfeited recognizance [given in a criminal prosecution] is a civil suit for recovery of money due upon contract."); *Application of Shetsky*, 239 Minn. 463, 60 N.W.2d 40, 46 (1953), ("A proceeding for the forfeiture of bail, or for a mitigation of forfeited bail, although it originates with a criminal action, is civil in its nature and does not involve the guilt or innocence, or the conviction or acquittal of any person."); *Hargrove v. State*, 396 P. 2d 675, 676 (Okla. Crim. App. 1964), (appearance bond forfeiture proceeding is a civil case, not a criminal case).

Chapter 255, Laws of 1969, now sec. 969.13(1), Stats.,[5] streamlined the forfeiture action by allowing bail forfeiture proceedings to be handled by the trial judge in the underlying criminal case in an expeditious manner without the need for commencing a separate action to collect the forfeiture. The purposes of this procedural revision were simply "increased flexibility and efficiency." *State v. Givens*, 88 Wis. 2d 457, 463, 276 N.W.2d 790 (1979). The issue of whether a bail forfeiture proceeding is civil or criminal was not an issue in *Givens*.

---

[5] Sec. 969.13(1), Stats., provides as follows:

"969.13 *Forfeiture.* (1) If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited."

The only appealable matters in sec. (Rule) 809.30, Stats., are judgments of conviction and sentence and orders denying postconviction relief. Section (Rule) 809.30(2)(j) (revised and renumbered, formerly sec. (Rule) 809.30(1)(h),[6] 1985 Wisconsin act 332 sec. 238 and Supreme Court Order dated April 2, 1985, effective July 1, 1985, 123 Wis. 2d xi). Bail forfeiture appeals are civil in nature and are governed by the provisions of sec. 808.04, and defendant was therefore untimely in his appeal.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[6] Sec. 809.30(2)(j), Stats. provides as follows:

"The defendant shall file an appeal from the judgment of conviction and sentence and, if necessary, from the order of the trial court on the motion for postconviction relief within 20 days of the entry of the order on the postconviction motion."