Elizabeth A. RYDER and James Ryder, Plaintiffs-Respondents,

v.

SOCIETY INSURANCE, a mutual company, f/k/a Threshermen's Mutual Insurance, Brady P. Hoolihan, and Ellen M. Kado, Defendants-Appellants.

Court of Appeals

*No. 97–0048. Submitted on a motion January 27, 1997.—Decided May 6, 1997.*

(Also reported in 565 N.W.2d 277.)

For the defendants-appellants a motion was submitted by *Larry Schifano* of *Thrasher, Doyle, Pelish & Franti, Ltd.* of Rice Lake.

For the plaintiffs-respondents a response was submitted by *Michael P. Wagner* of *Wagner & Todryk, S.C.* of Menomonie.

Before Cane, P.J., LaRocque and Myse, JJ.

PER CURIAM. Society Insurance, Brady Hoolihan and Ellen Kado appeal a pretrial order awarding costs and attorney's fees to Elizabeth and James Ryder. The trial court ruled that appellants' motion to dismiss the Ryders' lawsuit was frivolous and warranted costs and attorney's fees under § 814.025, STATS. The Ryders now move to dismiss the appeal on the ground that the trial court's pretrial order is not final and thereby not appealable as of right under § 808.03(1), STATS. In response, appellants argue that the trial court's pretrial order was a final order resolving a special proceeding initiated by the Ryders' trial court motion for costs and attorney's fees. Among other things, appellants rely on this court's dicta in *Kelly v. Clark*, 192 Wis. 2d 633, 653, 531 N.W.2d 455, 461 (Ct. App. 1995), suggesting that motions under § 814.025, STATS., initiate special proceedings. We conclude that the trial court's order did not concern a special proceeding, and we therefore order the appeal dismissed.

We conclude that the trial court's order was not a final order in a special proceeding within the meaning of § 808.03(1), STATS. Historically, special proceedings

included only those proceedings that were not an action at law or a suit in equity under traditional common law or equity practice. *See* BLACK'S LAW DICTIONARY 1084 (5th ed. 1979); *see also State ex rel. Ashley v. Circuit Court*, 219 Wis. 38, 43, 261 N.W. 737, 739 (1935). Special proceedings included all remedies that were not ordinary actions. *See* BLACK'S LAW DICTIONARY 1431 (3d ed. 1933). Special proceedings did not include matters that were incident to an existing action. *See* BLACK'S LAW DICTIONARY 1084 (5th ed. 1979); *see also Voss v. Stoll*, 141 Wis 267, 271, 124 N.W. 89, 91 (1910). Under common law and equity practice, motions for costs and attorney's fees were incident to the pending action. *See* BLACK'S LAW DICTIONARY 446–47 (3d ed. 1933). As such, the Ryders' pretrial motion for costs did not constitute a special proceeding; it was only an ordinary intermediate nonfinal matter incident to an ongoing action. *See State v. Wisconsin Telephone Co.*, 134 Wis. 335, 341, 113 N.W. 944, 946 (1908); *see also Voss*, 141 Wis. at 271, 124 N.W. at 91. Consequently, the trial court's order resolving the motion was not appealable as of right.

Our remarks in *Kelly*, 192 Wis. 2d at 653, 531 N.W.2d at 461, do not require a different result. *Kelly*'s discussion of special proceedings is noncontrolling dicta; it was not directly germane to the issues in the case or to the question of appellate jurisdiction. In *Kelly*, we observed that a motion for costs and attorney's fees initiated a special proceeding. *Id.* Our observation rested on the premise that a motion could initiate a special proceeding, citing *Wengerd v. Rinehart*, 114 Wis. 2d 575, 582, 338 N.W.2d 861, 866 (Ct. App. 1983). Our observation in *Kelly* is not controlling for two reasons. First, we made this observation as an incidental matter before we

concluded that trial courts may not resolve disputed facts by affidavits on the question of frivolousness. Our observations about special proceedings had no bearing on the disputed fact, affidavit issue. Second, our observations rested on the premise that motions sometimes initiate special proceedings. We did not attempt to classify, however, what motions would initiate special proceedings and what motions would not, with regard to the issue of appellate jurisdiction. Viewed in this light, our *Kelly* observations will not support Society's appeal.

■

We also reject Society's attempt to apply the holding of *State v. Wickstrom*, 134 Wis. 2d 158, 396 N.W.2d 188 (1986), to this appeal. The *Wickstrom* court held that a pretrial bail forfeiture proceeding was civil in nature and therefore not strictly part of the underlying criminal case. *Id*. at 161–64, 396 N.W.2d at 190–91. On that basis, the *Wickstrom* court ruled that criminal defendants must appeal pretrial bail forfeiture proceedings within 120 days of the trial court's pretrial order; they could not raise such matters in an appeal of the subsequent conviction. *Id*. In essence, the *Wickstrom* court held that the inherent civil nature of bail forfeiture proceedings made them separate from their underlying criminal proceedings, in part from the fact that bail forfeiture proceedings were historically handled separately. *Id*. at 163, 396 N.W.2d at 191. Here, comparable conditions do not exist. Pretrial costs have always been incident to the underlying lawsuit, unlike civil bail forfeiture matters in criminal proceedings. Consequently, pretrial cost orders remain nonfinal orders in the underlying lawsuit, not separately appealable special proceedings. Last, the Ryders' motion for frivolous appeal costs and

attorney's fees is denied; Society could have rationally believed from our *Kelly* observations that the trial court's order was appealable.

*By the Court*.—Appeal dismissed.