**Lloyd Cecil QUILLEN, Petitioner-Movant,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2–74–7.**

United States District Court, E. D. Tennessee, Northeastern Division.

Jan. 24, 1974.

---

Lloyd Cecil Quillen, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner-movant Mr. Quillen applied * pro se for leave to appeal the judgments in 1966 of his conviction in criminal actions nos. 7074, 7075, this district and division, or, in the alternative, to vacate and set aside such convictions and the judgment of his conviction in criminal action no. 7076, this district and division. 28 U.S.C. § 2255. There is no merit in such application in either alternative.

"* * * In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from. * * *" Rule 4(b), Federal Rules of Appellate Procedure. "* * * An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step *other than the timely filing of a notice of appeal* [emphasis supplied] does not affect the validity of the appeal * * *." Rule

* The Court struck from such application two obscene adjectives. Rule 12(f), Federal Rules

3(a), Federal Rules of Appellate Procedure. Under no circumstances is this Court authorized to extend the time for filing an appeal in a criminal action for more than 40 days after the entry of the judgment or order appealed from. *United States of America,* plaintiff, v. *James Edward Strange,* defendant, criminal action no. 7176, this district and division, memorandum opinion and order of February 4, 1971. Thus, the application of the petitioner for an appeal at this late date hereby is DENIED.

The movant Mr. Quillen's motion to vacate and set aside his sentences is likewise devoid of merit. His claims for relief are the insufficiency of the evidence to convict him and the "misrepresentation" and "inducements" of his counsel. The writ of habeas corpus, of which the motion authorized by 28 U.S.C. § 2255 is a form, "* * * will not be allowed to do service for an appeal * * * for collateral review of * * * the existence of any evidence to support the conviction * * *." *Sunal v. Large* (1947), 332 U.S. 174, 178–179, 67 S.Ct. 1588, 1590–1591[1–3], 91 L.Ed. 1982, 1986.

The movant avers that his attorney advised him that if he would plead guilty to a certain charge, the movant would be given a sentence subject to 18 U.S.C. § 4208(a)(2) which would run concurrently with other sentences he would receive. The mere expression by counsel of his belief or opinion that his client would likely receive a certain sentence upon entering a plea of guilty is not ground for setting aside the plea and conviction. *United States v. Edmo,* C.A. 9th (1972), 456 F.2d 240, 242[2].

The alternative motion of the movant Mr. Quillen, showing that he is not entitled to any relief under 28 U.S.C. § 2255, he hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the petitioner-movant give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

of Civil Procedure. See marginal notation of January 22, 1974 thereupon.