**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter Calvin JONES, Defendant,**

**and**

**W. R. Kenney, Professional Bondsman, Defendant-Appellant.**

**No. 77–1518.**

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 15, 1977.

Decided Dec. 29, 1977.

T. L. O'Hara, Wichita, Kan., filed a brief in opposition to summary affirmance on behalf of defendant-appellant.

James P. Buchele, U. S. Atty., Topeka, Kan., Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan., filed a memorandum brief in support of summary affirmance.

Before SETH, PICKETT, and BAR-RETT, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the United States District Court for the District of Kansas which denied surety-appellant Kenney's motion for an extension of time in which to file his notice of appeal. We affirm.

Defendant Jones was convicted of violations of the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and of failing to appear before a United States Magistrate. On the basis of defendant's failure to appear at the bail hearing before the magistrate, the government moved for forfeiture of defendant's $5,000 bond. The bond was forfeited and the government moved for judgment against the principal and his sureties. On December 9, 1976, after considering bondsman Kenney's objections, the district court ordered that judgment on the bond be entered against Kenney. Sixty-one days later the surety filed his notice of appeal from that order.

Appellant then filed a motion in the district court seeking an extension of time in which to file a notice of appeal based upon excusable neglect. His contention was that the 60 day civil appeal period applied and that the district court could extend the time by an additional 30 days upon a showing of excusable neglect. The government's argument was that the criminal appeal period applies under the circumstances of this case and that the surety's notice of appeal was filed beyond the time in which an extension, if granted, could cover.

■ We hold, based upon the scope, application, and exceptions to the Federal Rules of Criminal Procedure, that an appeal by a surety from a judgment on the forfeiture of a bail bond is controlled by the criminal rules. The notice of appeal must be filed within the time prescribed for all criminal cases.

The Federal Rules of Criminal Procedure govern the procedure in all criminal proceedings in the courts of the United States. Rule 1, Fed.R.Crim.P. Further, all provisions for release from custody on bail, including those providing for forfeiture and judgment of default against the obligors on the bond, are set forth in the Rules of Criminal Procedure and in the Criminal

Code. Rule 46, Fed.R.Crim.P; Title 18 U.S.C. § 3146.

■ Rule 54, Fed.R.Crim.P., sets forth the proceedings which are excepted from application of the rules of criminal procedure. Nothing in Rule 54(b)(5) expresses an intent to exclude criminal bail bond forfeitures from the coverage of the criminal rules, although notably it does specify that the criminal rules are inapplicable to the civil forfeiture of property for violation of a statute as well as being inapplicable to the collection of fines and penalties. See, Rule 54, Fed.R.Crim.P., note to subdivision (b)(5) of the Advisory Committee on Rules. As a general principle of statutory construction, if a statute specifies one exception to the general application, other exceptions are excluded; *expressio unius est exclusio alterius.*

■ An action to enforce a bond forfeiture, even if considered civil in nature, is a case arising under the criminal laws and is governed by the rules of criminal procedure respecting the filing of appeals. *Hunt v. United States,* 166 U.S. 424, 17 S.Ct. 609, 41 L.Ed. 1063 (1897) (enforcement of the forfeiture by means of a writ of *scire facias* ). We have considered the cases urged by appellant in his memorandum but conclude that they do not mandate a conclusion contrary to our decision that this appeal is governed by the appeal period established for criminal cases. But see, *U.S. v. Barger,* 458 F.2d 396 (9th Cir. 1972); *U.S. v. Zarafonitis,* 150 F. 97 (5th Cir. 1907), affirmed 156 F. 1023.

It is undisputed that this bail bond was executed in the course of criminal proceedings against defendant Peter C. Jones. Jones' release from custody was secured in accordance with Title 18, U.S.C. § 3146 and Rule 46, Fed.R.Crim.P.

■ Accordingly, surety Kenney's notice of appeal should have been filed within the ten day period established by Rule 4(b), F.R.A.P., and the district court was without power to extend the time for filing the notice of appeal beyond the fortieth day following entry of the judgment. *U.S. v.*

*June,* 503 F.2d 442 (8th Cir. 1974); *Quillen v. U.S.,* 412 F.Supp. 390 (D.C.Tenn.1974), affirmed, 6 Cir., 517 F.2d 1405.

When this case was docketed in this court the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda supporting their respective positions. Each party has done so. We have thoroughly reviewed the files and records in this case, as well as the respective memoranda, and are convinced that the district court was correct in denying the extension of time. Accordingly, the judgment of the district court is affirmed.