**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald E. JACKSON, Defendant,**

**Joseph M. McLaughlin, for American
Druggist Insurance Company,
Movant-Appellant.**

No. 81–7934
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 1982.

---

1. These uses may include both those promoted by government agencies as well as spontaneous citizen uses.

Stephen E. Boswell, Jonesboro, Ga., for movant-appellant.

Craig A. Gillen, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The American Druggist Insurance Company appeals a judgment entered against it causing it to forfeit an appearance bond. The bond was issued on behalf of Ronald E. Jackson who had been arrested for drug smuggling. Jackson failed to appear at an evidentiary hearing and is believed to have fled to Ecuador or Colombia. Subsequently, a hearing was held and the court entered an order forfeiting bond against the bonding company. The judgment was entered on October 26, 1981 and notice of appeal was filed on November 13, 1981.

We hold that the appellant filed a timely notice of appeal. Although an issue of first impression in this circuit, we find that the enforcement of a bond forfeiture is a civil matter and therefore governed by Federal Rule of Appellate Procedure 4(a), which provides for a thirty-day period to file a notice of appeal in civil matters. A similar result was reached in the analogous case of *United States v. Zarafonitis,* 150 F. 97, 99 (5th Cir. 1907). We find our position in accord with that of the Ninth Circuit in *United States v. Plechner,* 577 F.2d 596, 597 (9th Cir. 1978). Although the Tenth Circuit has taken a contrary position in *United States v. Jones,* 567 F.2d 965 (10th Cir. 1977), we do not find its reasoning persuasive. Thus, the bonding company's appeal is properly before us.

The appellant argues that there is no signature on the order of forfeiture and there is no indication that it was filed with the Clerk of the Northern District of Georgia. We direct the appellant's attention to page 118 of the record on appeal. There appears an order signed by Judge Vining on October 26, 1981 and clearly marked as having been filed with the Clerk of the Northern District of Georgia on October 27, 1981. Consequently, there is no merit to this contention.

Next, the appellant contends that Judge Vining abused his discretion in denying its motion for a continuance on October 26. Specifically, the surety believes the continuance should have been granted because it felt it could have eventually produced Jackson for trial.

In reviewing the lower court's determination that enforcement of the forfeiture was required, the standard of review is whether the district judge acted arbitrarily or capriciously. *United States v. Skipper,* 633 F.2d 1177, 1180 (5th Cir. 1981). We hold that the trial judge did not act arbitrarily or capriciously in the instant case. Jackson was a bonding risk. He had previously jumped bail in other criminal proceedings against him. The appellant knew or should have known of this situation. Thus, the appellant took a chance and lost. The trial judge's ruling was entirely proper.

We have examined the appellant's contentions and find that they do not merit a reversal. Consequently, we affirm the judgment of the court below.

AFFIRMED.