**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Glenn Richard ROHER, Defendant,**

**International Fidelity Insurance Company, Surety Defendant-Appellant.**

No. 82–1290.

United States Court of Appeals,
Fifth Circuit.

June 10, 1983.

Rehearing Denied Aug. 2, 1983.

Matt Garcia, Orlando L. Garcia, San Antonio, Tex., for surety defendant-appellant.

Helen M. Eversberg, Robert Michael Duffey, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, GEE and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

At the threshold of this appeal from the district court's refusal to set aside or remit forfeiture of an appearance bond lies a procedural issue. Notice of appeal was filed timely if the proceeding is controlled by the thirty-day rule for civil cases, untimely if by the ten-day rule for criminal ones. Rule 4, Federal Rules of Appellate Procedure. The issue is freighted with few or no moral or policy considerations; all that is needed is a clear answer, one by which parties within our circuit may govern their future conduct. For reasons to be given, we choose the civil rule.

There is already a conflict between circuits. In *United States v. Jones,* 567 F.2d 965, 966 (10th Cir.1977), it was held that such an appeal is governed by the criminal rule. First noting that all provisions for bail forfeiture are set forth in the Rules of Criminal Procedure and the Criminal Code, the Tenth Circuit reasoned that since Rule 54, Fed.R.Crim.P., expressly exempts certain proceedings—such as actions to collect a criminal fine—from the Criminal Rules, and does not exempt bail bond forfeiture, the latter proceeding is criminal. 567 F.2d at 967.

By contrast, in *United States v. Plechner,* 577 F.2d 596, 597–98 (9th Cir.1978), the court held that enforcement of a bond forfeiture is, like an action to collect a criminal fine, a civil case arising from a prior criminal proceeding and that the filing of the appeal was governed by the rule for civil cases. *See also U.S. v. Martinez,* 613 F.2d 473, 482 at n. 30 (3d Cir.1980) (dictum). The Ninth Circuit reasoned that a bail bond is a contract, that upon forfeiture the surety becomes the government's debtor, and that the proceeding is therefore civil in nature. "We think this is not only more consistent with the nature of the action, but fairer to those adversely affected by a bond forfeiture. A contrary rule would lay a trap for the unwary." 577 F.2d at 598.

Although we have not directly addressed the issue, such authority as exists here supports the view that the time limits for civil cases apply. In *United States v. Cervantes,* 672 F.2d 460, 461 at n. 2 (5th Cir.1982), we rejected the argument that a bond forfeiture should be set aside because a jury verdict acquitting the defendant of criminal bail jumping was tantamount to a finding that he did not willfully fail to appear. In the course of doing so, we observed that "a bond forfeiture motion is a civil matter," and "a matter for the court under Fed.R. Crim.P. 46(e)." *Id.* (citing *United States v. Barger,* 458 F.2d 396 (1972 9th Cir.), case treating forfeiture as a civil proceeding for double jeopardy purposes). *See also United States v. Choate,* 276 F.2d 724, 727 and n. 6 (5th Cir.1960) (construing the term "proceeding" in the Rules of Criminal Procedure "as including all possible steps in the

criminal case from its inception to judgment and sentence"). The government argues that *Cervantes* should not control here because although bond forfeiture may be a civil *matter* for purposes of applying substantive principles such as double jeopardy or preclusion, a bond forfeiture motion is still part of the criminal *case* for procedural purposes in appealing an order clearly entered in such a case.

Although there are principled reasons supporting either result, on balance we favor treating such forfeitures as civil proceedings because (1) they involve contracts, a plainly civil subject to which the reasons for short time periods for criminal appeal do not apply; and (2) our cases tend to support civil characterization and may have induced reliance by litigants on the longer time periods. Since we do, and therefore hold that the notice of appeal was timely, we must address the merits.

■ The burden of establishing grounds for setting aside or remitting a bond forfeiture rests on the party challenging it. *United States v. Cervantes,* 672 F.2d 460, 461 (5th Cir.1982). We have often emphasized the breadth of the district court's discretion in deciding this issue; its judgment will be disturbed only for "clear abuse" of that discretion. *Id.*

In its first motion, Fidelity raised three grounds for remission: (1) that the clerk failed to give Fidelity notice of the setting for sentencing at which Roher failed to appear, (2) that Roher died on February 10, 1981, and (3) that the government should be required to prove its costs and efforts in locating Roher. It made no request for a hearing.

In *United States v. Parr,* 594 F.2d 440 (5th Cir.1979), we held that the district court should consider four factors in determining the question and amount of remission: (1) the government's cost and inconvenience in regaining custody; (2) the delay caused by the defendant's default; (3) the willfulness of the defendant's breach of conditions; and (4) the public interest in ensuring the defendant's appearance. *Id.* at 444; *Cervantes, supra.* The government contends that the district court explicitly

considered all these factors in its order denying remission except cost and inconvenience to the government and that the district court relied heavily on its finding that Fidelity failed to fulfill its obligation under the bond to locate and cause Roher to appear. It further asserts, correctly, that in none of its filings in the district court did Fidelity offer any indication of effort to fulfill that obligation from the time of Roher's failure to appear until his death ten months later.

■ Courts have held that since sureties assume the duty to ensure appearance of their principals, they should advise themselves of scheduled appearances and the court need not notify them of either the setting, *Stuyvesant Ins. Co. v. United States,* 410 F.2d 524 (8th Cir.1969), or the principal's failure to appear. *United States v. Marquez,* 564 F.2d 379 (10th Cir.1977). Rule 46(e) requires only notice of a motion for judgment of forfeiture. We concur.

■ While death of the principal is one relevant factor in considering remission, *see Parr, supra,* it does not require remission where other factors outweigh it. *See e.g. United States v. Agueci,* 379 F.2d 277 (2d Cir.1967) (despite murder of principal shortly after default, full forfeiture of $20,000 bond upheld because of strong public interest in ensuring appearances, cited approvingly in *Cervantes*). The district court could have reasonably concluded that enforcement of the surety's duty to assure appearance outweighs this factor where ten months elapsed between its principal's failure to appear and his death.

■ Similarly, in *Cervantes,* we held that "when the defendant willfully breaches the conditions of bond, and other factors weigh in favor of forfeiture, the district court may enforce the entire bond without determining the government's expense." 672 F.2d at 463. "Indeed, the Fourth Circuit has reaffirmed the general rule that the government has no burden to produce any evidence of its expenses unless and until the district court, in its discretion, requires it to do so." *Id.*

Fidelity's final contention on brief is that the district court erred in denying it a hear-

ing "requested . . . to show that Defendant had not received notice of court setting and to allow the Government to show what efforts and costs, if any, were expended in attempting to locate the Defendant, and to show what efforts were made by the Appellant to compel the attendance of the Defendant prior to his death." If Fidelity wished a hearing for such purposes as its brief now asserts, it gave no inkling of this to the trial court. The request to which it refers states merely that it wishes "an opportunity to present evidence with reference to the setting aside of the bond forfeitures or to develop further evidence with reference to what damages, if any, were suffered by the Government as a result of Defendant's nonappearance . . . ."

We have already held that a hearing for the latter purpose was not required. The former purpose stated amounts to no more than that Fidelity wished a hearing on the general subject. We think that in the circumstances presented denial of a hearing in response to such a request was within the court's discretion.*

AFFIRMED.

---

* Cf. *United States v. Nell*, 515 F.2d 1351 (D.C. Cir.1975) (proffer of evidence, among other things, that bondsmen assisted in defendant's final apprehension; hearing required).