736 F.2d 1414
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Patrick BROUILLET, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Patrick BROUILLET, Defendant,
Colonial Bonding Agency, Inc. and Heritage Insurance Company
of North America, Inc., Appellants.
 Nos. 82-2567, 82-2586.
 United States Court of Appeals,
Tenth Circuit.
 June 14, 1984.
 
 Jerry Day of Shdeed & Hartmann, Oklahoma City, Okl., for defendant-appellant.
 William S. Price, U.S. Atty., and Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.
 Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Ernest Brouillet, the Colonial Bonding Agency, Inc., and the Heritage Insurance Company petition this court to reconsider en banc the order of a three-judge panel which dismissed the parties' appeal for failure to file a timely notice. The appeal arose from a district court order denying motions to set aside the forfeiture of a criminal bail bond. In its order, the panel followed established precedent in this circuit holding that an appeal by a surety from a judgment on the forfeiture of a bail bond is a criminal matter, and that notice of appeal must therefore be filed within the ten day period prescribed for criminal cases by Fed.R.App.P. 4(b). See United States v. Jones, 567 F.2d 965, 966 (10th Cir.1977). Both appeals were untimely under this standard.
 
 
 2
 Brouillet was indicted on various drug charges and subsequently failed to appear for trial. The Government moved for forfeiture of his appearance bond, which the court granted. Brouillet then pled guilty and filed a petition for remission of the forfeiture judgment. A like motion was filed on behalf of the surety. The district court found no basis to remit the forfeiture of the bond and denied the motions. On November 16, 1982, the court denied timely filed motions for reconsideration. Brouillet filed his notice of appeal on December 14, and the surety filed its notice on December 16.
 
 
 3
 As these facts indicate, Brouillet and his surety filed their notices of appeal outside the ten day period provided for criminal cases in Fed.R.App.P. 4(b), but within the sixty day period provided in Fed.R.App.P. 4(a) for civil cases in which the United States is a party. Thus, the timeliness of this appeal turns on whether we characterize the appeal as criminal or civil in nature.
 
 
 4
 In Jones, we held that an appeal from a judgment on the forfeiture of a bail bond is a criminal matter. We reasoned that all provisions for release from custody on bail, including those providing for forfeiture and judgment of default against the obligors on the bond, are set forth in the Federal Rules of Criminal Procedure and in the Criminal Code. See Fed.R.Crim.P. 46; 18 U.S.C. Sec. 3146 (1982); Jones, 567 F.2d at 966-67. We further noted that Fed.R.Crim.P. 54 excepts certain proceedings from the rules of criminal procedure and that nothing in that rule "expresses an intent to exclude criminal bail bond forfeitures from the coverage of the criminal rules .... As a general principle of statutory construction, if a statute specifies one exception to the general application, other exceptions are excluded ...." Id. at 967.
 
 
 5
 Subsequent to Jones, four other circuits have faced this question, and they have uniformly adopted the opposite view. See United States v. Roher, 706 F.2d 725, 726 (5th Cir.1983); United States v. Jackson, 691 F.2d 478, 479 (11th Cir.1982); United States v. Martinez, 613 F.2d 473, 482 n. 30 (3rd Cir.1980); United States v. Plechner, 577 F.2d 596, 597-98 (9th Cir.1978). These circuits view a motion relating to the forfeiture of a bail bond as essentially a civil proceeding arising from a criminal one, similar to an action to collect a criminal fine. Martinez, 613 F.2d at 482 n. 30; Plechner, 577 F.2d at 597. "A bail bond is a contract between the government and the defendant and his surety .... Upon forfeiture, the surety becomes the government's debtor .... Thus, the government's motion for judgment [is] 'civil, not criminal, in nature.' " Id. at 598. See also Roher, 706 F.2d at 726. In addition, these cases view the civil rule as "fairer to those adversely affected by a bond forfeiture." Plechner, 577 F.2d at 598; Roher, 706 F.2d at 726.
 
 
 6
 We find the reasoning of these other courts persuasive. Accordingly, we have decided to disavow our earlier decision in Jones and to follow the current trend in the other circuits. We hold that the time for appeal from an order relating to the forfeiture of a criminal bail bond is governed by the rules for appeals from a civil case.
 
 
 7
 The appeals are reinstated.