865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Douglas BROWN, Appellant,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, et al.
 No. 85-5143.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before STARR, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed December 3, 1984, dismissing appellant's complaint, be affirmed. Although sua sponte dismissals are generally disapproved, this case presents a limited circumstance in which affirmance of such a dismissal is appropriate. See Brandon v. District of Columbia Board of Parole, 734 F.2d 56, 62 (D.C.Cir.1984). Since appellant filed his complaint in the district court in 1984, events have occurred that compel this court to conclude that this action is barred by res judicata.
 
 
 3
 In 1987, the Eighth Circuit rendered a decision in a case involving the same parties and claims similar to those before this court. See United States v. Brown, 835 F.2d 176 (8th Cir.1987). Appellant's claims here concerning the legality of the government's application for the seized funds and subsequent transfer of these funds were clearly addressed by the Eighth Circuit. Further, his claim in the district court concerning the legality of the administrative levy was either abandoned on appeal or is no longer of any legal consequence in view of the Eighth Circuit's vindication of the government's actions. Thus, because the plea of res judicata was raised on appeal, albeit narrowly, this court considers the plea and concludes that appellant's claims of alleged misconduct by the government officials, which provide the basis for his request for injunctive and monetary relief, have been previously determined to be legal; therefore, relitigation of these claims is prohibited. See Nevada v. United States, 463 U.S. 110, 120-21 (1983); Jack Faucett Associates v. AT & T, 744 F.2d 118, 124 (D.C.Cir.1984).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.