IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41194
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO HUGO GARZA; ROBERTO LOPEZ,

Defendants,

versus

OCTAVIO CASTANEDA, doing business as Castaneda's Nationwide
Federal Bonding and Bail Bonds Company, Ltd.; ERNESTO C.
CASTANEDA, doing business as Castaneda's Nationwide Federal
Bonding and Bail Bonds Company, Ltd.

Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-94-CR-6-2
--------------------
September 14, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In 1994, Ernesto and Octavio Castaneda, doing business as

Castaneda's Nationwide Federal Bonding and Bail Bonds Company,

Ltd., ("the Castanedas"), provided a $100,000 appearance bond for

Roberto Lopez who had been charged with three drug offenses.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lopez failed to appear at his criminal proceedings, and the district court entered a judgment of default on June 28, 1994, declaring a forfeiture of Lopez's bond. The Castanedas appealed the judgment, which this court affirmed on September 18, 1995.

On August 18, 1998, more than four years after the district court entered the bond-forfeiture judgment and almost three years after this court affirmed it, the Castanedas filed a motion for a new trial on the bond-forfeiture issue. The Castanedas asserted that they had learned only recently that Lopez's failure to appear was due to his having been deported by the Immigration and Naturalization Service. The district court treated the motion as one to reopen a judgment based on newly acquired evidence under Fed. R. Civ. P. 60(b)(2) and denied the motion as time-barred. The Castanedas appeal the denial of their motion.[1]

Bond-forfeiture proceedings are treated as civil actions and are governed generally by the Federal Rules of Civil Procedure. United States v. Roher, 706 F.2d 725, 726 (5th Cir. 1983). The Castanedas' "Motion For A New Trial" seeks relief from a default judgment. A default judgment may be set aside in accordance with Fed. R. Civ. P. 60(b). See Fed. R. Civ. P. 55(c). Under Rule 60(b), the motion was not timely filed in the district court. A motion for relief based on newly discovered evidence under Rule

---

[1] Although the body of the notice of appeal names only "defendant bondsmen" as appellants, the Castanedas and their business are sufficiently identified in the caption of the notice to satisfy the requirements of Fed. R. App. P. 3(c)(1)(A). The notice of appeal also makes it objectively clear that the Castanedas are taking the appeal, so that the notice is sufficient to confer appellate jurisdiction upon this court. Fed. R. App. P. 3(c)(4); Garcia v. Wash, 20 F.3d 608, 609 (5th Cir. 1994).

60(b) must be filed within one year of the entry of the judgment. Fed. R. Civ. P. 60(b).

This court reviews a district court's refusal to grant relief from a judgment under Rule 60(b) under an abuse-of-discretion standard; the trial court's decision need only be reasonable. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993). The Castanedas' motion was plainly barred by the passage of four years. The district court did not abuse its discretion in denying the motion.

The judgment of the district court is AFFIRMED.