### UNITED STATES of America, Appellee,

v.

### Ralph Hubert BARGER, Jr., Appellant.

### No. 71-2581.

United States Court of Appeals, Ninth Circuit.

April 11, 1972.

Jonathan K. Golden (argued), Burton Marks, of Marks, Sherman & Schwartz, Beverly Hills, Cal., Jack K. Berman, San Francisco, Cal., for appellant.

John G. Milano, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before KOELSCH, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

The principal question in this appeal is this: does the double jeopardy clause of the Fifth Amendment preclude the conviction and sentence of a person for the crime of "bail jumping" [18 U.S.C. § 3150] after bail given pursuant to Rule 46 F.R.Cr.P. is duly forfeited. The answer is clearly "no."

A bail bond in a criminal action is a form of contract between the government on the one part and the accused and his surety on the other. Such bonds are conditioned upon the presence of the accused at specified times during the criminal proceedings and provide a monetary penalty upon condition broken. This penalty is one for damages and is deemed civil, not criminal, in nature. United States v. Davis, 202 F.2d 621 (7th Cir. 1953). Hence a forfeiture does not constitute punishment.[1] As the Court pointed out in Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), "Congress may impose both a

---

1. The penalty is liquidated and constitutes compensation to the government for costs and expenses incurred, and to be incurred, because of the non-appearance of the accused and in his apprehension. In this case the district court, taking into consideration the fact that Barger had surrendered himself and, estimating that the government's expense for jurors and witnesses at the abortive trial was about $1,000.00, invoked Rule 46(f) (4) and remitted the forfeiture of the overplus of the bail amounting to $9,000.00. Prior to March 21, 1946, the court would have been powerless to do so. United States v. Davis, supra.

criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense."

Appellant also contends that the evidence is insufficient to support the verdict; in particular, he urges there was no proof showing or tending to show that his failure to appear for trial on the appointed day was wilful. He is mistaken.

The judgment is affirmed.