**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Enrique Rodriguez BRIZUELA,
Defendant,**

**Marie Carlile, Surety.**

**No. 74–2130.**

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1974.

Philip A. DeMassa (argued), San Diego, Cal., for defendant.

William Shaw, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and GOODWIN, Circuit Judges, and EAST, District Judge.[1]

## OPINION

CHAMBERS, Circuit Judge:

Brizuela was found guilty in September, 1973, of smuggling heroin into the United States and on October 29, 1973, was sentenced to 15 years in prison. Pending appeal, he is on liberty on a $200,000 bond with Marie Carlile as a surety.

Since the date of the taking of the direct appeal, it would appear that Brizuela has become "unavailable" or not readily available. The district court has ordered the Carlile bond forfeited. This occurred in January, 1974, while his appeal was still pending.

We hold that the order of forfeiture must be reversed.

■ Now for a few more details about the bond and the forfeiture. The bond was an appearance bond. By its terms no obligation to appear was imposed on defendant until this Court of Appeals was through with the case. (The obligation was in a great many more words.)[2] The appeal on the conviction was dismissed in May, 1974, some four months after the forfeiture of bail was ordered.

■ We cannot sustain the government's contention that Carlile's appeal was too late. This is for the reason we hold that the intervening motion for reconsideration filed in the district court tolled the running of time for the appeal until after the district court ruled upon it. Theodoropoulos v. Thompson-Starrett Company, 418 F.2d 350 (2d Cir. 1969).

In reversing for proceedings consistent herewith, we point out some things we have not held.

1. That the bond is a bad bond.

2. That this bond can't be forfeited.

3. That in another case there can't be a bond with more stringent terms.

4. That during the course of an appeal the district court cannot impose additional conditions on the release (i. e. requiring a new bond with new provisions as a condition of continued enlargement).

Also, we should point out that the United States attorney is under the misapprehension that Brizuela's direct appeal on his conviction has been reinstated. No such thing has happened.

■ We incline to the view that the district court could have revoked the bail and ordered forfeiture (during the course of Brizuela's direct appeal) if Brizuela had violated some condition of

1. The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

2. The conditions of the bail bond on appeal read as follows:

"NOW, THEREFORE, the conditions of this obligation are such that if the said Enrique Rodriguez Brizuela shall appear in person or by his attorney, in the United States Court of Appeals for the Ninth Circuit on such day or days as may be appointed for the hearing of said cause in said Court and prosecute his appeal and shall abide by and obey all orders made by said Court in said cause; and if said defendant shall surrender himself in execution of said judgment and sentence appealed from as such Court may direct, if the judgment and sentence be affirmed or modified by the said United States Court of Appeals for the Ninth Circuit or the appeal be dismissed; and that if the said defendant will appear for retrial in the United States District Court for the Southern District of California and abide by and obey all orders made by said Court on such day or days as may be appointed for retrial by said United States District Court provided the said judgment and sentence against him be reversed; and if the defendant appears as ordered, then this bond is to be void, but if the defendant fails to perform this condition payment of the amount of the bond shall be due forthwith. If the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in the United States District Court for the Southern District of California against each debtor jointly and severally for the amount above stated together with interest and costs, and execution may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States."

the bond at the time of forfeiture. On this bond, he had not. However, we suggest that if a case is on appeal and a forfeiture is sought, it is better practice to get the criminal case temporarily remanded.

█ We believe that, if the mandate in criminal appeal has been spread (or if it has not been spread, but is spread in the future), the next steps are obvious. We do say that the bondswoman should be given, in the subsequent proceedings, some opportunity to produce the defendant; otherwise, we do not enlarge.

█ The bond is obviously not forfeitable in the prior marijuana conviction.

Prior forfeiture orders should be vacated and a new start made.