**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Enrique Rodriguez BRIZUELA, Defendant, Marie Carlile, Surety-Appellant.**

**No. 75-2378.**

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1977.

---

Philip A. DeMassa (argued), San Diego, Cal., for surety-appellant.

D. Michael Waltz, Asst. U.S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM:

The surety appeals from a judgment ordering the forfeiture of a $200,000 bail bond caused by the failure of the defendant to surrender, following an unsuccessful appeal, to serve a previously imposed sentence. He had been convicted in September 1973 on three counts involving possession of heroin and sentenced to a term of 15 years on each

* Of the Northern District of California.

count, the sentences to run concurrently. A premature effort by the government to forfeit the bond pending appeal was aborted. *See United States v. Brizuela,* 508 F.2d 386 (9th Cir. 1974).

The district court ordered the defendant to surrender in court on January 20, 1975. When he did not appear, that court ordered the bond on appeal forfeited and entered judgment against the surety for the amount of the bond.

The appeal by the defendant Brizuela was dismissed by our order of January 24, 1974. We provided that the appeal might be reinstated should the defendant surrender himself to the district court within 30 days of that date. Brizuela neither appeared nor surrendered.

The surety's reliance on our earlier opinion is misplaced. We there held only that the prior forfeiture orders should be vacated and indicated that the surety should be given "some opportunity to produce the defendant." *United States v. Brizuela,* at 388. Such an opportunity has been given.

Appellant contends that the actual language of the bond prevents the district court from issuing a valid order for the defendant to appear. The contention lacks merit, but should not be considered by this court because it was not presented below. *Morgan v. United States,* 380 F.2d 686, 700 (9th Cir. 1967).

The surety argues that the government has information about the defendant's location somewhere in Mexico, that the surety does not know where that might be, and that without the information she has been hindered in her attempt to produce the defendant. She reasons that the government's failure to produce any such information is a defense to an action on the bond contract.

The government disclaims information as to Brizuela's whereabouts, except to acknowledge that he has fled the jurisdic-

tion. Presumably, if he were in the United States, the government would move to have him apprehended and committed. In any event, such information would not enable appellant to force the defendant to return to the United States against his will. The burden is on the surety, not the government, to produce the defendant or forfeit the bond.

The surety in her reply brief makes a number of statements not supported by the record with reference to the government's knowledge of the whereabouts of Brizuela in Mexico. The government's motion to strike those references is granted.

The judgment of forfeiture is affirmed. The mandate will be issued forthwith.