577 F.2d 598
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry John VERA-ESTRADA, Defendant,
Surety, Flores & Flores, Surety-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred YORBA, Defendant,
Surety Insurance Company, Surety-Appellant.
 Nos. 77-2690, 77-3015.
 United States Court of Appeals,
Ninth Circuit.
 June 28, 1978.
 
 Robert A. Ball, Joseph A. Milchen of McInerney, Milchen & Frank, San Diego, Cal., for surety-appellant.
 D. Michael Waltz, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U.S. Atty., San Diego, Cal., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of California.
 Before CHOY and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 These bond forfeiture appeals[1] present a single issue: is a surety entitled to notice of its principal's failure to appear? We hold that under rule 46(e)(1), Fed.R.Crim.P., notice is not required. We affirm the District Court's ruling in each case in favor of the government.
 
 
 2
 On August 16, 1976, defendant Vera-Estrada failed to appear in District Court, and his $5,000 bail bond was ordered forfeited. The government first notified defendant's surety, appellant herein, of the forfeiture when it moved for judgment based on the forfeiture on March 11, 1977. Judgment was entered June 20, 1977.
 
 
 3
 Defendant Yorba failed to appear, and bond was ordered forfeited on May 2, 1977. Appellant first received notice of the forfeiture approximately two months later when the government filed its motion for judgment. The government was granted judgment on August 1, 1977.
 
 
 4
 Both judgments were for the full amount of the bond. These appeals followed.
 
 
 5
 Appellant contends its liability is excused by the clerk's failure to notify it of the forfeiture within thirty days as mandated by California Penal Code § 1305(a). Appellant contends § 1305(a) is an implied term of the bail bond contract. We disagree.
 
 
 6
 In United States v. Gonware, 415 F.2d 82 (9th Cir. 1969), this court indicated in dictum that a bail bond is to be interpreted in accordance with applicable state law. Because we find the Gonware dictum is not controlling, we do not decide whether it should be followed.[2]
 
 
 7
 In the instant case, state law is not offered as a guide to interpretation, but as an implied term of the contract. Furthermore, rule 46(e), Fed.R.Crim.P., establishes the procedures which are to be followed in the federal courts for the enforcement of liability of the surety. Notice is required when the government moves for judgment, but not when the defendant fails to appear and his bond is forfeited. United States v. Marquez, 564 F.2d 379 (10th Cir. 1977). It is the surety's responsibility to ensure the defendant does appear and learn when he does not. United States v. Payne, 272 F.Supp. 939 (D.Conn.1967).
 
 
 8
 The judgment in each case is AFFIRMED.
 
 
 
 *
 The Honorable Edmund L. Palmieri, Senior United States District Judge, Southern District of New York, sitting by designation
 
 
 [1]
 Both appeals were submitted without oral argument on May 3, 1978, and are hereby consolidated for disposition
 
 
 [2]
 This dictum has recently been criticized and rejected by two other circuits. See United States v. Catino, 562 F.2d 1 (2d Cir. 1977); United States v. Miller, 539 F.2d 445 (5th Cir. 1976)