J. BLAINE ANDERSON, Circuit Judge:
This is an appeal by a surety from a judgment by the District Court adopting a magistrate’s order of forfeiture of a $10,000 appearance bond and requiring the surety to pay $7500. On appeal, appellant asserts that the forfeiture was erroneous because (1) none of the bail bond’s conditions was breached, and (2) the magistrate was without power to order a forfeiture. Neither contention is persuasive and we affirm.
Defendant Plechner, along with nine others, was charged with violations of 21 U.S.C. § 963 (conspiracy to import controlled substances) and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute). Bond was fixed at $10,000. In order to effect Plechner’s release from custody, appellant Surety Insurance Company of California caused an appearance bond in the amount of $10,000 to be filed with the District Court.
On June 24, 1975, Plechner appeared before U. S. Magistrate Edward A. Infante who ordered the defendant to appear on July 10, 1975, for an omnibus hearing before U. S. Magistrate Harry R. McCue. On July 10, 1975, Plechner appeared before Magistrate McCue who continued the matter to August 18, 1975. When Plechner failed to appear on August 18, Magistrate McCue declared bail forfeited.
On October 7, 1975, the government filed a motion for judgment by default based on Plechner’s failure to comply with the conditions of the bond. On December 29, 1976, appellant filed its opposition to the motion, contending that Plechner was dead and that a magistrate lacks jurisdiction to declare a bond forfeited.
After several continuances, the motion was heard by the District Court on February 22, 1977. The court granted a default in the amount of $7500.[1] Judgment was entered March 9, 1977.
Forty-three days later, on April 21, 1977, appellant filed its notice of appeal.
At the outset, we note a jurisdictional question briefed by neither party. In civil cases to which the United States is a party, notice of appeal must be filed within sixty days from entry of judgment. Fed.R. App.P. 4(a). In criminal cases the filing period is ten days, but may be extended thirty additional days by the district court. Fed.R.App.P. 4(b). Thus, appellant’s notice was timely only if the instant appeal is a civil proceeding. We hold it is.
United States v. Jones, 567 F.2d 965 (10th Cir. 1977), holds that an appeal by a surety from judgment on bail bond forfeiture is controlled by the time prescriptions for criminal cases. Cf. Babb v. United States, 414 F.2d 719 (10th Cir. 1968). Based on precedent within our own circuit and a reexamination of the relevant principles, we conclude that enforcement of a bond forfeiture is, like an action to collect a criminal fine, a civil case arising from a prior criminal proceeding. See United States v. Taylor, 321 F.2d 339 (4th Cir. 1963); Smith v. *598 United States, 143 F.2d 228 (9th Cir. 1944), cert. denied, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944); 18 U.S.C. § 3565.
A bail bond is a contract between the government and the .defendant and his surety. United States v. Gonware, 415 F.2d 82 (9th Cir. 1969). Upon forfeiture, the surety becomes the government’s debtor. Western Surety Co. v. United States, 51 F.2d 470 (9th Cir. 1931). Thus, the government’s motion for judgment was “civil, not criminal, in nature.” United States v. Barger, 458 F.2d 396 (9th Cir. 1972).
Therefore, the filing of the instant appeal was governed by the rule for civil cases, rule 4(a), Fed.R.App.P., and was timely. We think this is not only more consistent with the nature of the action, but fairer to those adversely affected by a bond forfeiture. A contrary rule would lay a trap for the unwary.
Appellant contends that none of the bail bond conditions was breached because the bond did not cover an appearance before a magistrate. This contention is raised for the first time on appeal. As a general rule of practice, issues which have not been raised below will not be reviewed on appeal. United States v. Brizuela, 551 F.2d 249 (9th Cir. 1977); Krause v. Sacramento Inn, 479 F.2d 988 (9th Cir. 1973). Inasmuch as appellant has offered no explanation for this failure and we perceive no exceptional circumstances which would justify deviating from the rule, we decline to consider appellant’s argument. Rothman v. Hospital Service of Southern California, 510 F.2d 956 (9th Cir. 1975); Frommhagen v. Klein, 456 F.2d 1391 (9th Cir. 1972).
The power of the magistrate to declare a bond forfeiture is also challenged by appellant. The challenge overlooks an inescapable fact. A forfeiture ordered by a magistrate is valid if adopted by the district court. See United States v. Ritte, 558 F.2d 926 (9th Cir. 1977). Here, the District Court did adopt and reiterate the magistrate’s order of forfeiture and pronounced its own.
“WHEREAS, defendant failed to appear on August 18, 1975, and answer the , charge of the plaintiff, United States of America, against him. By reason thereof, the bond posted in the above-entitled matter on June 16, 1975, was and is ordered forfeited.” (Judgment, R. 69)
The forfeiture was therefore properly ordered. The judgment is AFFIRMED.

. The court, pursuant to the provisions of Fed. R.Crim.P. 46(e)(4), ordered a remission of $2500.