**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eleuteria FELIX–MEZA, Defendant,**

**and**

**Surety Flores Bail Bonds, Claimant-Appellant.**

No. 86–6781.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1987.

Decided Aug. 19, 1987.

Paul F. Sorrentino, Stephen J. Dimeff, San Diego, Cal., for claimant-appellant.

John R. Kraemer, San Diego, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, FLETCHER and POOLE, Circuit Judges.

PER CURIAM:

Flores Bail Bonds ("Flores") appeals the judgment on default of a bail bond.

Felix-Meza was arrested on heroin charges. Her bail was set at $35,000 cash or corporate surety. Flores filed a $35,000 corporate surety bond on Felix-Meza's behalf, obtaining cash collateral in the amount of the bond from Felix-Meza's cousin. Felix-Meza was released from custody. She did not appear for trial. The court issued an arrest warrant and ordered bail forfeited. Flores was not notified of the forfeiture order.

Shortly thereafter, Felix-Meza's cousin informed Flores the charges against Felix-Meza had been dismissed, and asked Flores to return the collateral. Flores requested and received a certificate of discharge of the bond under seal from the court clerk. Flores returned the collateral in reliance on the certificate.

The Government moved for judgment on the bond. An evidentiary hearing was held. The court clerk testified that the certificate of discharge had been issued in error. The court concluded Flores' otherwise justifiable reliance on the court clerk's representations was outweighed by Flores' failure to perform his duties as bail bondsman. The court noted:

> If FLORES BAIL BONDS had known, as the law requires them to have known, that the defendant did not appear on August 1, FLORES would have had reason to, and should have, inquired further when the deputy clerk was willing to issue a Certificate of Discharge only one month after the defendant had failed to appear for trial.

The court entered judgment for the Government in the amount of $35,000, but stayed the order six months to allow Flores time to produce Felix-Meza for trial. Flores timely appeals.

■ We review a grant of forfeiture for abuse of discretion. *United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir. 1985). The surety bears the burden of proving an abuse. *United States v. Frias-Ramirez*, 670 F.2d 849, 852 (9th Cir.1982).

■ Flores argues the court should have given notice of the order of forfeiture because forfeiture is a "civil proceeding," *United States v. Plechner*, 577 F.2d 596, 597 (9th Cir.1978), and Federal Rule of Civil Procedure 77(d) requires the clerk to mail notice of an order to the parties. We held in *United States v. Vera-Estrada*, 577 F.2d 598, 600 (9th Cir.1978), that "[n]otice is ... not [required] when the defendant fails to appear and his bond is forfeited."

■ Flores further contends it is customary practice to give notice of bail forfeiture and therefore provision for such notice be-

came an implied term of the bail bond contract. Flores' testimony that "sometimes" the court would call or write when a defendant failed to appear, falls far short of establishing the existence of a "customary practice" that might have been incorporated in the contract by implication.

■ Flores argues forfeiture should not have been ordered because of the clerk's erroneous issuance of the certificate of discharge. Flores contends the effect of the error was either to exonerate the bond or to excuse performance of the contract by making performance impossible.

As the district court noted, the clerk had no actual authority to exonerate Felix-Meza's bail bond. *See United States v. Martinez*, 613 F.2d 473, 481 (3d Cir.1980). Federal Rule of Criminal Procedure 46 provides that "the *court* shall exonerate the obligors and release any bail." Fed.R. Crim.P. 46(f) (emphasis added).

Flores argues the clerk had apparent authority to exonerate the bond. "To establish that the court was bound by the clerk as its apparent agent, the surety would have to show reliance on the clerk's assertedly apparent authority." *Martinez*, 613 F.2d at 481. Flores asserts the collateral was returned in reliance on the clerk's apparent authority to issue the certificate of discharge. The key issue is whether this reliance was reasonable. *Id.* at 482 n. 29.

As we pointed out in *Vera-Estrada*, 577 F.2d at 600, "[i]t is the surety's responsibility to ensure the defendant does appear and [to] learn when he does not." The bond was forfeited because Flores failed to ensure Felix-Meza's appearance at trial.

Because Flores was legally required to assure Felix-Meza's appearance and learn of her failure to appear, Flores was charged with constructive notice that Felix-Meza had not appeared. As the district court noted, in view of this knowledge, Flores' reliance on the certificate without questioning its issuance a month after Felix-Meza's failure to appear was unreasonable.

■ Flores argues the clerk's error rendered performance of the bond contract

impossible because issuance of the certificate of discharge prevented Flores from exercising its authority under 18 U.S.C. § 3149 to arrest Felix-Meza and surrender her to the court. The clerk's error in issuing the certificate had nothing to do with Flores' failure to assure Felix-Meza's appearance on the date of trial a month earlier. Nor did the clerk's error contribute to Flores' failure to arrest Felix-Meza since Flores admittedly was not aware of Felix-Meza's failure to appear, and thus of the need to arrest Felix-Meza, until the Government moved for judgment on the bond. Moreover, Flores was given an additional six months to surrender Felix-Meza to the court and still failed to do so.

■ Flores' argument that it may be exposed to an inconsistent judgment in litigation it may initiate to recover the security from Felix-Meza or her family is purely speculative. To allay concern that Felix-Meza may plead the erroneous certificate of discharge to defeat a suit by Flores against her, we ask the district court to enter an order expunging the certificate. Fed.R.Crim.P. 36.

AFFIRMED.