**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**PHU TAN LUONG, a/k/a Peter Luong,**
**Defendant—Appellee.**

United States of America,
Plaintiff—Appellant,

v.

Phu Tan Luong, a/k/a Peter Luong,
Defendant—Appellee.

Nos. 07–50161, 07–50246.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed Aug. 21, 2008.

Michael J. Raphael, Esq., Assistant U.S., Brent A. Whittlesey, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Peter Luong, Stanley I. Greenberg, Law Offices of Stanley I. Greenberg, Los Angeles, CA, for Defendant–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and BEISTLINE *, District Judge.

### MEMORANDUM **

We have jurisdiction to consider the government's notice of appeal in Case No. 07–50161 because the matter being appealed was civil in nature, and therefore the time for filing an appeal under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure applied. Although the plain language of Rule 4 directs us to consider only whether the "judgment or order appealed from" is entered in a "civil case" or "criminal case," our precedents dictate that we must engage in a more searching analysis. We have rejected the "conclusory rationale" that merely because a motion is made in a criminal case, the appeal must be governed by the rule for criminal cases, Rule 4(b)(1)(B) of the Federal Rules of Appellate Procedure. *United States v. Braunstein*, 281 F.3d 982, 993 (9th Cir.2002) (internal quotation marks omitted). Instead, we have held that where "the order appealed from is civil in nature, the civil notice of appeal provision set out in Rule 4(a) will apply, even if the order arises from a criminal proceeding." *United States v. Ono*, 72 F.3d 101, 102 (9th Cir.1995); *see also United States v. Plechner*, 577 F.2d 596, 598 (9th Cir.1978) (holding that a motion by the government in a criminal case to enforce a bond forfeiture was civil, not criminal, in nature, and therefore the appeal was governed by the rule for civil cases, Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure).

In this case, although the government filed its § 2044 motion within a criminal case, we conclude that the district court's § 2044 order is "civil in nature" for three reasons. First, the government filed its § 2044 motion in order to enforce the restitution order entered against Luong. The enforcement of a restitution order is civil in nature. *See* 18 U.S.C. § 3664(m)(1)(A)(i) (an order of restitution may be enforced in the manner provided

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for in 18 U.S.C. § 3613, i.e., "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law"). Second, the enforcement of bond forfeitures under Rule 46(f) of the Federal Rules of Criminal Procedure are "civil case[s]" under Rule 4, even though they arise in the context of criminal proceedings. *See United States v. Vaccaro,* 51 F.3d 189, 191 (9th Cir.1995). Like a bond forfeiture action under Rule 46(f), a motion pursuant to § 2044 is an attempt to resolve the government's right to obtain monies pledged on behalf of the defendant. This is a civil financial issue arising from a criminal prosecution. Finally, the policy reason for applying the time frame for criminal appeals is not implicated. As we noted in *Braunstein,* "the statute of limitations to file an appeal in a criminal case is short because of the significant liberty interest at stake." 281 F.3d at 993. However, motions relating to a defendant's financial interests do not implicate analogous liberty interests. *See id.* (quoting *United States v. Truesdale,* 211 F.3d 898, 903 (5th Cir.2000) (holding that a district court's order denying a criminal defendant the right to obtain attorneys' fees was a civil matter governed by Rule 4(a))). Therefore, we conclude that the government's appeal in Case No. 07–50161 is timely because it was an appeal in a "civil case" within the meaning of Rule 4(a)(1)(B).

■ Because the government's notice of appeal was timely in Case No. 07–50161, the filing of the notice of appeal was an event of "jurisdictional significance" that "divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Therefore, the district court did not have jurisdiction to dismiss the government's notice of appeal in

this case. Accordingly, we VACATE the district court's dismissal of the government's notice of appeal in Case No. 07–50161.

■ On the merits, we conclude that the district court did not err in denying the government's § 2044 motion. Section 2044 provides that "[o]n motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond" to be held and paid toward the fulfillment of "any assessment, fine, restitution, or penalty imposed upon the defendant." On October 10, 2006, the district court entered a stipulated order stating that "defendant's bond should be exonerated upon his surrender to the Bureau of Prisons to begin his sentence of imprisonment." Luong surrendered to the Bureau of Prisons on November 8, 2006. Therefore, pursuant to the district court's order, Luong's bond was "exonerated" as of November 8, 2006. The government did not file its § 2044 motion until December 19, 2006. Thus, at the time the government made its § 2044 motion, Luong did not have any money "deposited ... with the court for the purposes of a criminal appearance bail bond." 28 U.S.C. § 2044. Because Luong's money had already been exonerated, § 2044 was inapplicable.

The government contends that § 2044 remained applicable because the bond funds at issue were still in the physical possession of the district court when the government made its § 2044 motion. However, the district court clerk's delay in executing the district court's order does not have legal significance for purposes of § 2044. District court clerks have no authority to exonerate defendants' bail bonds, *see United States v. Felix–Meza,* 825 F.2d 1334, 1336 (9th Cir.1987), and by the same token have no authority to retain

monies on deposit for purposes of a defendant's bail bond after the bond has been exonerated. Once the district court entered the stipulated order and discharged its mandatory obligation to exonerate the surety and release any bail, *see* Fed. R.Crim.P. 46(g), there were no longer any funds "deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond," and so the government's motion under § 2044 was to no avail. 28 U.S.C. § 2044. We therefore AFFIRM the district court's denial of the government's § 2044 motion.

**Vacated in part and Affirmed in part.**