#30268, #30269, #30270-r-SPM
**2024 S.D. 44**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| STATE OF SOUTH DAKOTA, | Plaintiff and Appellee, |
| v. | |
| MARK WENDLAND, | Defendant, |
| and | |
| DAKOTA BAIL BONDS and UNITED STATES FIRE INSURANCE COMPANY, | Sureties and Appellant. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| STATE OF SOUTH DAKOTA, | Plaintiff and Appellee, |
| v. | |
| CHRISTOPHER CARR, | Defendant, |
| and | |
| DAKOTA BAIL BONDS and UNITED STATES FIRE INSURANCE COMPANY, | Sureties and Appellant. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| STATE OF SOUTH DAKOTA, | Plaintiff and Appellee, |
| v. | |
| CHRISTOPHER CARR, | Defendant, |
| and | |
| DAKOTA BAIL BONDS and UNITED STATES FIRE INSURANCE COMPANY, | Sureties and Appellant. |

\* \* \* \*

CONSIDERED ON BRIEFS
NOVEMBER 7, 2023
OPINION FILED **07/24/24**

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE RACHEL R. RASMUSSEN
Judge

\* \* \* \*

NICOLE J. LAUGHLIN
Sioux Falls, South Dakota

Attorney for sureties
and appellants, Dakota Bail
Bonds and United States Fire
Insurance Company.


MARTY J. JACKLEY
Attorney General

JENNIFER M. JORGENSON
Assistant Attorney General
Pierre, South Dakota

Attorneys for plaintiff and
appellee.

#30268, #30269, #30270

MYREN, Justice

[¶1.] Dakota Bail Bonds (DBB) posted bonds for criminal defendants. The criminal defendants violated their conditions of release but did not fail to appear in court. The circuit court forfeited the bonds because it determined SDCL 23A-43-21 required such forfeiture. It denied DBB's request to set aside the forfeiture under SDCL 23A-43-22 and entered orders forfeiting the bonds. DBB filed notices of appeal in the criminal files. We reverse and remand.

## Factual and Procedural History

[¶2.] DBB posted several bonds for two criminal defendants. DBB's surety underwriter is United States Fire and Casualty (USFC). In each case, the circuit court entered "bond findings and conditions for release," authorizing the release of the named defendant on the posting of a specific dollar amount and compliance with specified additional conditions of release (e.g., no drinking, no driving, etc.). In each case, DBB executed documentation to stand as surety for the defendants. In its surety bonds, DBB agreed to provide the dollar amount specified in the circuit court's bond findings and conditions for release. The surety bonds provided:

> The condition of this obligation is such that if the said [defendant's name], Principal, shall appear at the next Regular or Special term of the Circuit Court on [court date] to answer the charge of [charges listed] and shall appear from the day-to-day and term-to-term of said Court and not depart the same without leave, then this obligation to be void, else to remain in full force and virtue.

Along the left margin, the surety bonds read: "Note: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be used as a Bond of

Appeal." The surety bonds identify DBB as the "Principal" and USFC as the "Surety (Identified by attached Power of Attorney No. U5-21255375.)." A copy of that power of attorney was attached to the surety bonds and read, in part: "Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendant[']s future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance."

[¶3.] The criminal defendants did not fail to appear for their scheduled court appearances, but they violated various conditions of their releases. The procedural history played out the same in each case. The State asked the circuit court to forfeit the bond under SDCL 23A-43-21.[1] In each case, the circuit court ordered forfeiture of the bonds. The State then filed motions seeking a judgment of default on the forfeiture under SDCL 23A-43-23.[2] As required by statute, the State provided DBB

---

1. SDCL 23A-43-21 provides:

> Upon a showing that there has been a material breach of a condition of release without good cause, the court *shall* declare a forfeiture of the bond, if any, and shall enter an order revoking the conditions of release. If the defendant is not in custody, the court shall direct the clerk to issue a warrant for the defendant's arrest. The defendant shall remain in custody until discharged by due course of law.

(Emphasis added.)

2. SDCL 23A-43-23 provides:

> When a forfeiture has not been set aside, a court *shall* on motion enter a judgment of default, and execution may issue thereon. By entering into a bond the obligors submit themselves to the jurisdiction of the circuit court and irrevocably appoint the clerk

(continued . . .)

with notice of the motion for judgment of default.  DBB opposed the request for a

judgment of default.  First, it requested the circuit court to exercise its discretion

under SDCL 23A-43-22[3] to set aside the forfeiture.  Second, it argued that DBB was

only obligated to ensure that the criminal defendants appeared in court—not

comply with conditions of release.  The circuit court issued a memorandum opinion

in which it declined to set aside the forfeiture and granted the judgment of default.

There, it analyzed the statutory scheme and addressed DBB's arguments.  The

circuit court explained its reasoning:

> The language of this statu[t]e does not distinguish between a
> cash bond or a surety bond.  In addition, it does not make any
> exception for an "appearance only" bond.  The statute clearly
> indicates that the Court shall act in the manner prescribed and
> does not grant the exceptions that the bail bond company is
> requesting be read into the statute.

[¶4.]        After concluding that it was statutorily required to declare a forfeiture

of the bond, the circuit court considered whether it should exercise its discretion to

set aside the forfeiture under SDCL 23A-43-22.  The circuit court explained:

---

(. . . continued)
> of the court of the county as their agent upon whom any papers
> affecting their liability may be served.  Their liability may be
> enforced on motion without the necessity of an independent
> action.  The motion and such notice of the motion as the court
> prescribes may be served on the clerk of the court, who shall
> forthwith mail copies to the obligors at their last known
> addresses.

(Emphasis added.)

3.     SDCL 23A-43-22 provides:

> A court may direct that a forfeiture be set aside, upon such
> conditions as it may impose, if it appears that justice does not
> require enforcement of the forfeiture.

> Once the forfeiture is entered by a court, a court may direct the forfeiture to be set aside if it appears that "justice does not require enforcement of the forfeiture." This [c]ourt agrees with the bail company's argument that justice may warrant a forfeiture be set aside if the bond company secures the defendant and surrenders him to the court. Justice certainly does not require setting aside a forfeiture just because a defendant failed a bond condition other than failing to appear for court (e.g., engaged in additional criminal activity, failed to stay in contact with his attorney, or failed to comply with the 24/7 program). To hold otherwise would give greater weight to some of a court's bond conditions than others.

(Internal citations omitted.) The circuit court then concluded that when forfeiture is not set aside, SDCL 23A-43-23 requires the circuit court to enter a judgment of default. The circuit court rejected DBB's assertion that the language of its surety bond and the attached power of attorney limited its surety to a guarantee of appearance. The circuit court reasoned, "[i]f there is a contract to be interpreted, however, that is between the bondsman and the defendant. The [c]ourt's authority is controlled by statute and not by cont[r]act, and the [c]ourt cannot contract away its statutory obligations."

**Jurisdiction**

[¶5.] At the outset, the State contends that this Court lacks jurisdiction because DBB—a non-party in the cases appealed from—cannot bring a direct appeal of the bond forfeiture order in cases where the criminal defendants did not appeal. We find this argument to be unpersuasive. Although not a named party to the action, by standing as surety for the defendant, DBB subjected itself to orders from the court related to that surety. *See* SDCL 23A-43-23. As such, we have previously recognized that a surety has the same right to appeal as a defendant from an order for default judgment on a bail bond. *State v. Krage*, 404 N.W.2d 524,

528 (S.D. 1987). Although *Krage* did not identify the statute that created the appellate jurisdiction, we conclude a right to appeal a forfeiture and default order of a surety bond emanates from SDCL 15-26A-3(4), which permits a right of appeal from "[a]ny final order affecting a substantial right, made in special proceedings[.]" This conforms with the manner in which we have treated other types of proceedings ancillary to a criminal prosecution that we have deemed to be civil proceedings. *See In re Essential Witness*, 2018 S.D. 16, ¶ 11, 908 N.W.2d 160, 165 (concluding there was a right to appeal under SDCL 15-26A-3(4) from an order summoning witnesses to appear and testify in an out-of-state criminal proceeding); *see also In re Implicated Individual*, 2021 S.D. 61, ¶ 10 n.7, 966 N.W.2d 578, 582 n.7 (concluding that an appeal from a ruling unsealing a search warrant could be brought under SDCL 15-26A-3(4) as an appeal of a final order affecting a substantial right made in a special proceeding).

## Analysis

[¶6.] The circuit court determined that the language of DBB's surety bond "does not absolve the defendant or surety of bond compliance beyond just appearing for scheduled court appearances." Consequently, it concluded it was required to forfeit the defendants' bonds and issue judgments of default once the State established that the defendants had violated the conditions of their release. The circuit court erred in its determination of the effect of the language of DBB's surety bond.

[¶7.]        A bail bond is widely understood only to ensure appearance.[4]  *See* SDCL 23A-43-3 (setting forth "conditions of release which will reasonably assure the appearance of the defendant for trial," including an appearance bond "in cash or other security, as directed" or the execution of a bail bond).  "A bail bond in a criminal action is a form of contract between the government on the one part and the accused and his surety on the other."  *Krage*, 404 N.W.2d at 526 (quoting *United States v. Barger*, 458 F.2d 396 (9th Cir. 1972) (per curiam)).  As another court has noted:

> The extent of each party's undertaking therefore depends on the wording of the agreement and the intention of the parties as interpreted within the general framework of suretyship and contract law.  Generally, the terms of a bail contract are to be strictly construed in the surety's favor, and the surety may not be held liable for any greater undertaking than he has agreed to.

*United States v. Martinez*, 613 F.2d 473, 476 (3d Cir. 1980).

[¶8.]        Here, the circuit court established the conditions of release, including that the defendants "[m]ake all court appearances" and that "[i]f [d]efendant violates any of the above conditions, a warrant of arrest will be immediately issued." For its part, DBB did not guarantee that each defendant would abide by every condition of release imposed by the court.  Instead, in its surety bond and

---

4.    Bail bond.  A bond given to a court by a criminal defendant's surety to guarantee that the defendant will duly appear in court in the future and, if the defendant is jailed, to obtain the defendant's release from confinement. The effect of the release on bail bond is to transfer custody of the defendant from the officers of the law to the surety on the bail bond, whose undertaking is to redeliver the defendant to legal custody at the time and place appointed in the bond. — Also termed *appearance bond*; *personal bond*; *recognizance*. See BAIL; *purge bond*; *property bond*; *cash bond*.  Cf. *unsecured bail bond*.

      *Bond*, Black's Law Dictionary (11th ed. 2019)

attachments, DBB carefully and explicitly agreed to stand as surety for only one condition—the defendants' appearance in court. The circuit court accepted DBB's limited surety by releasing the defendants from custody.

[¶9.]     DBB's surety agreement was a contract with the court to pay the specified dollar amount should the defendants fail to appear. Although the defendants violated other conditions of their release, neither of the defendants failed to appear in court. Instead, the defendants' violations were all related to conditions of release that were not guaranteed by DBB's surety. In the absence of a failure to appear, there was no violation of the sole condition DBB guaranteed. Therefore, under SDCL 23A-43-22, the circuit court should have directed that the forfeiture of DBB's appearance bond be set aside. Consequently, the circuit court erred when it instead entered a judgment of default against DBB.

[¶10.]    We reverse and remand with direction that the circuit court enter an order vacating the judgment of default against DBB.

[¶11.]    JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.