**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>GOHAR ABELIAN,<br><br>    Movant - Appellant. | No. 23-1266<br><br>D.C. No.<br>2:20-cr-00579-SVW-8<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 11, 2024[**]
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Gohar Abelian served as surety on a $100,000 bond to secure the appearance

of her sister, Marietta Terabelian, who was charged with fraudulently obtaining

COVID-19 relief funds. When Terabelian absconded to Montenegro after her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conviction, the district court ordered the bond forfeited. The court denied Abelian's motion to set aside the bond forfeiture, and she now appeals. We review a "denial of a motion for relief from bond forfeiture for abuse of discretion." *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A "court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). In other words, "forfeiture is . . . mandatory." *Nguyen*, 279 F.3d at 1115. But when "it appears that justice does not require bail forfeiture," a court may set it aside "in whole or in part." Fed. R. Crim. P. 46(f)(2). We have set out a non-exhaustive list of six factors to guide courts in considering when that exception may apply: "1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost, inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend, and 6) the appropriateness of the amount of the bond." *Nguyen*, 279 F.3d at 1115–16 (quoting *United States v. Amwest Surety Ins.*, 54 F.3d 601, 603 (9th Cir. 1995)). The district court correctly articulated those factors, and it did not abuse its discretion in applying them.

1. Abelian claims that she "lacked involvement in and control" over Terabelian's actions. But she does not dispute that Terabelian's conduct was

willful, and the district court correctly concluded that Abelian's noninvolvement is irrelevant. *See United States v. Frias-Ramirez*, 670 F.2d 849, 853 (9th Cir. 1982) ("The district court could have assumed that defendant's breach was voluntary in the absence of convincing evidence to the contrary.").

2. As surety, Abelian was responsible for ensuring that Terabelian appeared when required by the district court. *See United States v. Vera-Estrada*, 577 F.2d 598, 600 (9th Cir. 1978). Although Abelian did not assist Terabelian's flight to Montenegro, she did not assist the government in apprehending her. The district court did not err in concluding that the second factor therefore weighs in the government's favor or is at least neutral.

3. Abelian does not appear to dispute that the government's efforts to locate, apprehend, and extradite Terabelian after her flight to Montenegro were considerable. *See United States v. Abernathy*, 757 F.2d 1012, 1015–16 (9th Cir. 1985) (per curiam). She instead argues that the district court "disproportionately focused on" the "costs incurred by the government" in apprehending Terabelian. But the district court did not indicate that it weighed this factor more heavily than any other factor.

4. Abelian insists that the district court overlooked "her lack of prior experience as a surety, the emotional and financial strain she experienced due to [Terabelian's] flight, and her new responsibilities as a guardian for [Terabelian's]

minor children." But the district court did consider those potential factors. The court expressed skepticism about Abelian's purported lack of sophistication, noting that she is an attorney who, as described on her website, "handles criminal law matters." The court also acknowledged her considerable burdens but correctly observed that she "cannot avoid forfeiture simply by claiming she now needs the money." *See United States v. Noriega-Sarabia*, 116 F.3d 417, 420 (9th Cir. 1997) (holding that a surety's failure to have a net worth as high as the bond did not invalidate the bond).

5. Abelian next contends that the district court "inadequately considered [her] status as a non-professional surety, specifically her role as a family member." But the district court found that the factor did indeed weigh in Abelian's favor, while also correctly acknowledging that it "is by no means dispositive."

6. Abelian claims that "[t]he district court failed to critically assess whether the bond amount was appropriate" because bond forfeiture is "a mechanism to offset government costs." That misstates the law. A bond is "like liquidated damages in that it must be reasonable when set," and "it need not necessarily approximate the actual costs of breach." *Nguyen*, 279 F.3d at 1117. Here, Abelian does not explain why the bond amount was unreasonable at the time it was set. Thus, the district court was right to note that, because Terabelian was "charged with serious financial crimes . . . involving millions of government

4

dollars[,] . . . the amount of bond was clearly appropriate at the time of the arrest."

Finally, the government asks us to dismiss Richard Ayvazyan, Marietta Terabelian, Tamara Dadyan, Manuk Grigoryan, and Arman Hayrapetyan from this appeal, and Abelian does not object. Because those defendants have no interest in this appeal and have not participated in it, we dismiss them as parties. The clerk is directed to revise the docket to reflect that they are not parties to the appeal.

The government's motion for judicial notice (Dkt. No. 42) is denied as moot. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 777 n.3 (9th Cir. 2017).

**AFFIRMED.**